UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>GREEN VALLEY SOUTH OWNERS ASSOCIATION NO. 1, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-2024-KJD-EJY<br><br>**ORDER** |

Pending before the Court are cross-motions for summary judgment filed by plaintiff Bank of New York Mellon (#46) and defendant SFR Investments Pool 1, LLC (#48). The parties have filed their respective responses and replies.

BNY Mellon seeks declaratory relief that its deed of trust on a property located at 2856 Belleza Lane in Henderson, Nevada, survived Green Valley South Owners Association's nonjudicial foreclosure. The bank claims that its predecessor-in-interest tendered the superpriority portion of Green Valley's lien before foreclosure, which cured the superpriority lien and voided the foreclosure as to the bank's deed of trust. Alternatively, BNY Mellon argues the foreclosure was unconstitutional or that equity requires the Court to set aside Green Valley's sale. SFR Investments purchased the property at Green Valley's trustee's sale and counterclaimed for the opposite declaration, namely that Green Valley's foreclosure and trustee's sale extinguished BNY Mellon's deed of trust and that SFR Investments purchased the property free and clear of the bank's interest. Both BNY Mellon and SFR Investments move for summary judgment on their respective quiet title claims. Because BNY Mellon has demonstrated that its predecessor-in-interest validly tendered the superpriority priority portion of Green Valley's lien before foreclosure, Green Valley's foreclosure did not extinguish the bank's deed of trust. As a

result, SFR Investments purchased the property subject to BNY Mellon's deed of trust.

**I.      Background**

The parties agree on the basic facts. In 2006, cross-defendant Dennis Carroll purchased a home located at 2856 Belleza Lane, in Henderson, Nevada. Countrywide Home Loans financed the purchase and secured its interest by recording a deed of trust against the property. Deed of Trust, ECF No. 47 Ex. 2. The deed of trust listed Dennis Carroll as borrower, Countrywide as lender, and Mortgage Electronic Services ("MERS") as beneficiary under the deed of trust. Id. MERS later assigned the deed of trust to plaintiff BNY Mellon. See Assignment, ECF No. 47 Ex. 3.

The Belleza Lane property is part of the Green Valley South Owners Association and is subject to the association's Covenants, Conditions, and Restrictions ("CC&Rs"). The CC&Rs required Carroll to pay monthly assessments for shared maintenance and general community upkeep. Carroll eventually fell behind on his assessments, which caused the association to initiate foreclosure proceedings. On September 2, 2011, Green Valley's agent Nevada Association Services recorded a Notice of Delinquent Assessment Lien against the property. ECF No. 47 Ex. 4. The notice identified the total past-due amount as $818.70, which included late fees, collection costs, and interest. Id. Neither Carroll nor BNY Mellon satisfied the outstanding balance. So, on November 2, 2011, Nevada Association Services recorded a Notice of Default and Election to Sell. ECF No. 47, Ex. 5. That notice identified the past-due amount as $1,813.50 and warned that failure to pay the delinquency could result in foreclosure. Id.

After receiving the Notice of Default and Election to Sell, BNY Mellon's predecessor-in-interest, Bank of America, retained law firm Miles, Bauer, Bergstrom & Winters to cure the superpriority lien. On January 24, 2012, Miles Bauer requested a payoff ledger from Nevada Association Services. Its letter acknowledged that a portion of Green Valley's lien was senior to the existing deed of trust and offered to satisfy that amount "whatever it [was]." ECF No. 46 Ex. 9-2. Nevada Association Services refused to respond to Miles Bauer's letter and did not provide a payoff ledger. Having not received a payoff ledger, Bank of America calculated nine months of assessments by referencing a statement of account from a different property in the Green Valley

South Owners Association. Bank of America determined that nine months of assessments totaled $73.50, and on February 16, 2012, Miles Bauer sent Nevada Association Services a check for that amount. The association rejected the check.

After rejecting Miles Bauer's check, Nevada Association Services proceeded with its foreclosure. On April 25, 2012, the association recorded a Notice of Foreclosure Sale. ECF No. 47 Ex. 6. Four months later, SFR Investments purchased the property at Nevada Association Services' trustee's sale. SFR Investments recorded a foreclosure deed referencing the trustee's sale on September 12, 2012. ECF No. 47 Ex. 7.

On July 25, 2017, BNY Mellon brought this suit against Green Valley South Owners Association and SFR Investments. Its sole cause of action sought declaratory relief and quiet title. Compl. 6, ECF No. 1. BNY Mellon has since voluntarily dismissed Green Valley. ECF No. 26. SFR Investments answered the bank's complaint and filed its own quiet title cross-claim and counterclaim against former owner Dennis Carroll and BNY Mellon. Answer, ECF No. 33. Discovery has closed, and BNY Mellon and SFR Investments both move for summary judgment.

## II. Legal Standard

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show

more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

Where parties have filed competing motions for summary judgment, the Court must review each motion on its own merits. Fair Housing Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). In reviewing each motion, the Court views the evidence and makes all available inference in favor non-moving party. See Kaiser Cement Corp., 793 F.2d at 1103. At bottom, a party does not prevail on summary judgment solely because the other party did not prevail. See Riverside Two, 249 F.3d at 1136.

### III. Analysis

BNY Mellon argues that Miles Bauer's $73.50 offer of tender prior to Green Valley's foreclosure preserved its deed of trust from extinguishment. If not, the bank argues that Green Valley's foreclosure was void because the association foreclosed under an unconstitutional version of NRS § 116.3116(2). SFR Investments counters that BNY Mellon's claims are untimely, that Miles Bauer's tender was invalid for various reasons, and that equity favors SFR Investments because it was an innocent third-party purchaser. Because the Court finds BNY Mellon's tender argument to be dispositive, it will not reach the bank's alternative arguments.

#### A. BNY Mellon's Claims are Timely

SFR Investments argues that BNY Mellon's quiet title claim is untimely because the statute of limitations for this type of quiet title and declaratory relief claim is three years, yet the bank did not file its complaint until nearly five years after the foreclosure. This is the second time that SFR Investments has made this argument. In October of 2017, SFR Investments moved to dismiss BNY Mellon's quiet title claim because it was time barred. Mot. to Dismiss 4–5, ECF No. 15. The Court denied the motion, finding that the bank's quiet title action was subject to a five-year statute of limitations. Order 5, ECF No. 30. SFR Investments now asks the Court to reconsider.

The applicable statute of limitations for quiet title claims following a homeowner association foreclosure is up for debate in this district.[1] The majority of Nevada's federal district

---

[1] Courts in this district are split between a four-year and five-year limitations period in these quiet title cases. Compare Bank of New York Mellon v. Khosh, No. 2:17-cv-0957-MMD-PAL, 2019 WL 2305146 (D. Nev. May 30, 2019) (applying five-year statute of limitations to quiet title claim under NRS § 11.070); Newlands Asset

courts apply a five-year limitations period under NRS §§ 11.070 & 11.080. Sections 11.070 and 11.080 govern actions "founded upon the title to real property" and actions "for the recovery of real property" respectively. The remaining federal district courts apply a four-year limitations period under NRS § 11.220's catch-all provision.

SFR Investments rejects both the five- and four-year limitations periods in favor of a three-year period under NRS § 11.190. Section 11.190 governs "action[s] upon a liability created by statute." SFR Investments argues that the three-year period is appropriate because BNY Mellon's claim is not actually a claim for quiet title; it is a wrongful foreclosure claim masquerading as a claim for quiet title. Admittedly, the bank does not claim that it has held title to this property, which begs the question: Can a bank quiet title in a property to which it never held title? SFR Investments says no. SFR Investments alleges that the bank's quiet title claim must be a challenge to the foreclosure itself because the bank never held title. And because a nonjudicial foreclosure is a "liability created by statute," NRS § 11.190 applies and imposes a three-year statute of limitations.

SFR Investments is correct that if the bank's claim was indeed a claim for wrongful foreclosure, it could be subject to a three-year statute of limitations.[2] However, BNY Mellon's claim is not for wrongful foreclosure. A wrongful foreclosure claim challenges the authority behind the foreclosure and not the foreclosure act itself. McKnight Family LLP v. Adept Mgmt. Servs., 310 P.3d 555, 616 (Nev. 2013). At no point does BNY Mellon challenge Green Valley's authority to foreclose on the Belleza Lane property. In fact, the bank's correspondence to Nevada Association Services recognized that Nevada law allowed the association to foreclose on its superpriority lien. See Letter to NAS 2, ECF No. 46 Ex. 9-2. Because BNY Mellon does not

---

Holding Tr. v. SFR Invs. Pool 1, LLC, No 3:17-cv-0370-LRH-WGC, 2017 WL 5559956 (D. Nev. Nov. 17, 2017) (same); Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n, No. 2:15-cv-1287-RCJ-NJK (D. Nev. June 14, 2017) (same); HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc., No. 2:16-cv-0242-JCM-GWF, 2017 WL 937723 (D. Nev. Mar. 9, 2017) (same) with U.S. Bank v. SFR Invs. Pool 1, LLC, --- F.Supp.3d ---, 2019 WL 1383265 (D. Nev. Mar. 27, 2019) (applying four-year catchall provision under NRS § 11.220); Nationstar Mortg., LLC v. Safari Homeowners Ass'n, No. 2:16-cv-0542-RFB-CWH, 2019 WL 121960 (D. Nev. Jan. 6, 2019) (same); Bank of America, N.A. v. Country Garden Owners Ass'n, No. 2:17-cv-1850-APG-CWH, 2018 WL 1336721 (D. Nev. Mar. 14, 2018)

[2] Wrongful foreclosure carries either a three-year or four-year limitations period depending upon whether the claim arises under statute or tort. See Bank of New York v. S. Highlands Cmty. Ass'n, 329 F.Supp3d 1208, 1219 (D. Nev. 2018).

challenge the authority behind this foreclosure, it has not alleged a wrongful foreclosure claim. Therefore, its claim is not subject to § 11.190(3)(a)'s three-year statute of limitations.

That leaves the four-year limitations period under NRS § 11.220's catch-all provision or the five-year limitations period under NRS §§ 11.070, 11.080. Courts in this district are split on the issue. The disagreement boils down to whether these quiet title claims are "founded upon the title to real property" under NRS § 11.070 or an attempt to recover property under NRS § 11.080. If so, the five-year limitations period applies. If §§ 11.070 & 11.080 do not apply, the Court is left with NRS § 11.220's four-year catch-all period for actions not covered by the other limitations provisions. Both the Ninth Circuit and Nevada Supreme Court have suggested that a five-year statute of limitations applies. See Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1114 (9th Cir. 2016) (citing NRS § 11.070) ("[u]nder Nevada law, [homeowner] could have brought claims challenging the HOA foreclosure sale within five years of the sale"); Las Vegas Dev. Grp., LLC v. Blaha, 416 P.3d 233, 237 (Nev. 2018) (a claim "seeking to quiet title . . . is governed by NRS 11.080, which provides for a five-year statute of limitations").

The Court finds again that NRS §§ 11.070's five-year limitations period governs quiet title actions like this one where a lender seeks a declaration that its deed of trust survived a homeowner association's nonjudicial foreclosure. Section 11.070 states:

> No cause of action or defense to an action, founded upon the title to real property . . . shall be effectual, unless it appears that the person prosecuting the action . . . was seized or possessed of the premises in question within 5 years.

Thus, any action founded upon the title of real property must be filed within five years of the time their interest was seized or possessed. That includes lenders whose deeds of trust were threatened by foreclosure. See Weeping Hollow, 831 F.3d 1110, 1114 (9th Cir. 2016).

SFR Investments counters that § 11.070 does not apply because it is standing statute and not a limitations statute. Def.'s Mot. Summ. J. 9, ECF No. 48. The Court disagrees. Although the statute governs who may bring a claim founded upon title to real property, it explicitly states that the claim must be brought within five years of that interest being seized or possessed. Thus, the plain language of the statute imposes a five-year limitations period. If that were not enough,

Chapter 11 of the Nevada Revised Statutes—where § 11.070 appears—is titled "Limitations of Actions." Section § 11.070, then, is not exclusively a limitation on standing. BNY Mellon brought its claim within five years of Green Valley's foreclosure. Therefore, BNY Mellon's claim is timely.

### B. BNY Mellon Has Standing to Bring its Claims

Next, SFR Investments claims that BNY Mellon lacks standing to bring a quiet title claim because it never held title to the property and because the bank has not proved that both the promissory note and deed of trust were validly transferred to the bank. SFR Investments is correct that in a foreclosure action, the burden rests with the bank to demonstrate that both the note and deed of trust were properly transferred to it before it exercised its foreclosure right. See Res.' Grp., LLC v. Nev. Ass'n Svcs., 437 P.3d 154, 157 (Nev. 2019). "To *foreclose*, one must be able to enforce both the promissory note and the deed of trust." Edelstein v. Bank of New York Mellon, 286 P.3d 249, 258 (Nev. 2012) (emphasis added). But this is not a foreclosure action. It is a declaratory relief action seeking to preserve the bank's interest in the property. BNY Mellon need not prove at the outset that it can enforce both the note and deed of trust. Regardless, SFR Investments has not provided any evidence that BNY Mellon does not hold both the deed of trust and promissory note. Meanwhile, BNY Mellon has provided evidence of the assignment and a copy of the note. Therefore, BNY Mellon has standing to bring its claims.

### C. BNY Mellon's Predecessor-in-Interest Submitted Valid Tender

Having found that BNY Mellon has standing and that its claims are timely, the Court proceeds to the merits of its quiet title claim. The bank's motion boils down to the validity of Miles Bauer's tender to Nevada Association Services before the foreclosure. SFR Investments challenges the admissibility of BNY Mellon's evidence of tender and the validity of the tender itself. Neither argument is persuasive.

First, SFR Investments contends that the Court should not accept the declaration of Douglas Miles of Miles Bauer because BNY Mellon did not disclose Miles as a witness. Because the declaration is inadmissible, SFR argues, the rest of the evidence supporting tender is unauthenticated and also inadmissible. As a starting point, the moving party at summary

judgment need not submit evidence that is admissible at the time of summary judgment to prevail. Rather, Rule 56 requires the party to present evidence in an admissible form *at trial*. Fed. R. Civ. P. 56(c)(4); Romero v. Nev. Dep't of Corr., 673 Fed.Appx. 641, 644 (9th Cir. 2016) (unpublished). Here, BNY Mellon's evidence satisfies Rule 56 because it would be admissible at trial. Although BNY Mellon did not disclose Douglas Miles as a witness by name, it did disclose a corporate designee from Miles Bauer as a witness under Rule 30(b)(6), but SFR Investments did not depose that witness. At trial, the bank could call Douglass Miles to testify as to his knowledge of the documents supporting tender, and those documents would be admissible under the business records exception to the hearsay rule. Therefore, the Court will consider BNY Mellon's evidence of tender.

Next, SFR Investments argues that Miles Bauer's tender was not valid because it was impermissibly conditional. The Nevada Supreme has confirmed that a party's valid tender before foreclosure cures an association's superpriority lien and voids the foreclosure as to the tendering party's deed of trust. Bank of America, N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 121 (Nev. 2018) ("Diamond Spur"). Tender is "valid" if it is payment in full and unconditional, or with conditions that the tendering party has a right to request. Id. at 117–118. Diamond Spur presented facts nearly identical to these. There, Bank of America calculated nine months of assessments and tendered a check for that amount before foreclosure. The bank's letter to the association accompanying its tender included certain conditions, including a "paid-in-full" condition, whereby the association's acceptance of tender would satisfy all of the bank's financial obligations to the association. Id. at 118. Like here, the association rejected the check and foreclosed. The association argued that the bank's tender was incomplete because it did not include payment for nuisance and abatement fees and that the tender was impermissibly conditional due to the paid-in-full language in the tender letter. Id. at 117–18.

The Nevada Supreme Court disagreed. It found that the bank's tender was both "in-full" and not impermissibly conditional. Payment in full, according to NRS § 116.3115, includes nine months of unpaid assessments and nuisance and abatement fees, if such fees exist. Id. at 117. Because there was no evidence that Bank of America owed nuisance and abatement fees, its

tender of nine months' unpaid assessments constituted payment in full. Id. Likewise the tender was not impermissibly conditional because Bank of America had a right to insist upon the conditions it included in its tender. By tendering payment prior to the foreclosure, the bank voided the association's foreclosure of the superpriority lien. The association, therefore, could not convey the property free from Bank of America's deed of trust, and any subsequent purchaser took its interest subject to the bank's. Id. at 121.

The facts here are nearly identical to Diamond Spur. Miles Bauer calculated the superpriority lien amount, sent a check to cure Green Valley's lien, yet Green Valley rejected the check and foreclosed anyway. Despite those similarities, SFR Investments argues that this case is different because Miles Bauer's tender here required the association to waive its right to nuisance and abatement fees in violation of NRS § 116. But that did not happen here. There is no evidence that BNY Mellon owed nuisance and abatement fees. Miles Bauer's tender could not require the association to waive nuisance and abatement fees that did not exist.

Further, the conditions that Miles Bauer did include in its tender were conditions that the bank was allowed to insist upon. The only acceptable conditions in a valid tender are "receipt of full payment or a surrender of the obligation." Id. at 118 citing Heath v. L.E. Schwartz & Sons, Inc., 416 S.E.2d 113, 114–15 (Ga. App. 1992). Here, the only condition Miles Bauer included in its tender was that acceptance would result in the bank's financial obligations to the association being "paid in full." Tender Letter 2, ECF No. 46 Ex. 9-4. That condition falls within the "receipt of full payment" condition that the bank was allowed to insist upon. See Diamond Spur, 427 P.3d at 118.

At bottom, Miles Bauer's near identical tender was good enough to preserve a lender's deed of trust in Diamond Spur, and it is good enough to preserve BNY Mellon's deed of trust here. The evidence supporting tender is admissible, and Miles Bauer did not include conditions that it was not entitled to include. Therefore, there is no genuine question of fact that BNY Mellon's tender cured Green Valley's superpriority lien.

### D. Equity Does not Require Extinguishment of BNY Mellon's Deed of Trust

Finally, SFR Investments argues that the equitable principles of waiver, estoppel, and

unclean hands require the Court to find that Green Valley's foreclosure extinguished BNY Mellon's deed of trust. SFR also argues that its status as an innocent third-party purchaser protects its interest in the property above the bank's. Not so. SFR Investments' bona fide purchaser status became irrelevant once the bank proved tender. See Diamond Spur, 427 P.3d at 121.

Equity does not compel a different result. BNY Mellon has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed Green Valley's foreclosure to proceed without interceding to halt the foreclosure. That argument misses the fact that BNY Mellon cured the superpriority balance of Green Valley's lien before the foreclosure. The bank was under no obligation to intercede or halt the foreclosure once it protected its own interest. After all, Green Valley still owned a valid lien for the remaining sub-priority fees and was within its right to foreclose on that lien without affecting BNY Mellon's first deed of trust. BNY Mellon, having protected its deed of trust, had no interest in halting the subsequent foreclosure because its interest was safe. Therefore, the bank's failure to attend the foreclosure sale and its decision to wait to bring this action do not show that it has waived its rights, that it is estopped from preserving its deed of trust, or that it has unclean hands.

In sum, there is no genuine issue of material fact that BNY Mellon's predecessor-in-interest validly tendered the superpriority lien before Green Valley's foreclosure. Likewise, equity does not require the Court to extinguish BNY Mellon's interest in the property. Therefore, BNY Mellon's deed of trust survived Green Valley's nonjudicial foreclosure, and SFR Investments took its interest in the property subject to BNY Mellon's.

**IV.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff/counterdefendant BNY Mellon's motion for summary judgment (#46) is **GRANTED**. The Court declares that BNY Mellon's deed of trust in the property located at 2856 Belleza Lane in Henderson, Nevada survived Green Valley South Owners Association's nonjudicial foreclosure. Any interest SFR Investments Pool 1, LLC took in the Belleza Lane property it took subject to BNY Mellon's deed of trust.

IT IS FURTHER ORDERED that defendant/counterclaimant SFR Investments Pool 1, LLC's motion for summary judgment (#45, corrected image at #48) is **DENIED**.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of plaintiff/counterdefendant BNY Mellon and against defendant/counterclaimant SFR Investments Pool 1, LLC.

Dated this 13th day of September, 2019.

_____
Kent J. Dawson
United States District Judge