UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THE BANK OF NEW YORK MELLON, Trustee,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC, *et al*,

Defendants.

Case No. 2:17-cv-2024-KJD-EJY

ORDER

Presently before the Court is Cross-claimant SFR Investments Pool 1, LLC's Motion for Default Judgment (#64). Though the time for doing so has passed, no response in opposition has been filed.

Cross-claimant SFR Investments Pool 1, LLC ("SFR") filed its cross-claim against Dennis E. Carroll on November 21, 2016. Default was entered against Carroll on April 3, 2019. Carroll is not incompetent, an infant or serving in the United States military. Carroll purchased the property in 2006 and fell delinquent on his assessments as required by his homeowner's association's Covenants, Conditions and Restrictions ("CC&Rs"). Notice of default and election to sell were recorded and a foreclosure sale on the delinquent assessments was held on or about September 12, 2012. SFR purchased the property at the sale. In this ensuing litigation, the Court has found that SFR purchased the property subject to Plaintiff Bank of New York Mellon's lien. SFR has now moved for default judgment on its cross-claim seeking a declaration that "Carroll, any successors and assigns, have no right, title or interest in the Property and that SFR is the rightful title owner."

Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a final judgment in a case. There is no matter of right to the entry of a default judgment, and its entry is entirely within this Court's discretion. See Draper v. Coombes, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). This

Court may find entry of a default judgment appropriate in consideration of: [1] the sufficiency of the complaint and the merits of a [cross-claimant]'s substantive claims; [2] the possibility of prejudice if entry is denied; [3] the sum of money at stake; [4] the possibility of a dispute concerning material facts; [5] whether default was due to excusable neglect; and [6] the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The first Eitel factor, the merits of cross-claimant's substantive claim and the sufficiency of the complaint, counsel in favor of default. See id. The Ninth Circuit has suggested that this factor requires that a cross-claimant "state a claim on which the [cross-claimant] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). SFR has established both in its pleadings and factually that it acquired title at the HOA foreclosure sale.

None of the other factors counsel against entering default. Carroll should not benefit from his failure to pay his HOA assessments by clouding title of the property. He has had adequate opportunity to appear and show any error in the foreclosure proceeding and any excusable neglect resulting in a failure to appear and defend. Therefore, the Court grants SFR's motion for default judgment.

Accordingly, IT IS HEREBY ORDERED that Cross-claimant SFR Investments Pool 1, LLC's Motion for Default Judgment (#64) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Cross-claimant SFR Investments Pool 1, LLC and against cross-defendant Dennis E. Carroll declaring that Carroll, any successors and assigns, have no right, title or interest in the Property and that SFR is the rightful title owner;

IT IS FURTHER ORDERED that the Clerk of the Court close this action.

Dated this  19TH  day of December, 2019.

_____
Kent J. Dawson
United States District Judge