UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THE BANK OF NEW YORK MELLON, f/k/a
The Bank of New York, as Trustee, for the
Certificateholders of the CWALT, Inc. Alternative
Loan Trust 2006-OA10 Mortgage Pass-Through
Certificates, Series 2006-OA1,

Plaintiff-Counterdefendant,

v.

GREEN VALLEY SOUTH OWNERS
ASSOCIATION NO. 1,

Defendant,

and

SFR INVESTMENTS POOL 1, LLC,

Defendant-Counterclaimant

Case No. 2:17-cv-2024-KJD-EJY

ORDER

On December 14, 2022, the Ninth Circuit Court of Appeals vacated and remanded the court's order entering summary judgment in favor of Plaintiff Bank of New York Mellon ("BONY"). Pursuant to the Ninth Circuit's directive, this Court hereby adjudicates the matter consistent with *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022).

**BACKGROUND**

BONY sought declaratory relief that its deed of trust on a property located at 2856 Belleza Lane in Henderson, Nevada, survived Green Valley South Owners Association's nonjudicial foreclosure. The bank claimed that its predecessor-in-interest tendered the superpriority portion of Green Valley's lien before foreclosure, which cured the superpriority lien and voided the foreclosure as to the bank's deed of trust. SFR Investments Pool 1, LLC ("SFR") purchased the property at Green Valley's trustee's sale and counterclaimed for the opposite declaration, namely

that Green Valley's foreclosure and trustee's sale extinguished BONY's deed of trust and that SFR Investments purchased the property free and clear of the bank's interest. Both BONY and SFR Investments moved for summary judgment on their respective quiet title claims. On September 13, 2019, this Court found that BONY had demonstrated that its predecessor-in-interest validly tendered the superpriority priority portion of Green Valley's lien before foreclosure and Green Valley's foreclosure did not extinguish the bank's deed of trust. As a result, SFR Investments purchased the property subject to BONY's deed of trust. The Court simultaneously denied SFR Investments' motion to dismiss BONY's claims as barred by the statute of limitations finding that a five-year statute of limitation applied.

Subsequently, in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299, 307 (Nev. 2022), the Nevada Supreme Court found that quiet title claims like those at issue here are governed by a four-year statute of limitations. Crucially, *Thunder Properties* also held "an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger th[at] statute of limitations." *Id.* "To rise to the level that would trigger the limitations period, something more is required"— "something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien." *Id.* at 306-307. After *Thunder Properties* was published, the Ninth Circuit Court of Appeals vacated this Court's judgment and order on summary judgment for "proceedings consistent" with the findings. ECF No. 78 at 1.

In its supplemental brief, BONY incorporates its motion for summary judgment (ECF No. 46) and opposes SFR's supplemented argument that the statute of limitations bars BONY's claims.

**FACTS**

In 2006, Dennis Carroll purchased a home located at 2856 Belleza Lane, in Henderson, Nevada. Countrywide Home Loans financed the purchase and secured its interest by recording a deed of trust against the property. Deed of Trust, ECF No. 47, Ex. 2. The deed of trust listed Dennis Carroll as borrower, Countrywide as lender, and Mortgage Electronic Services ("MERS") as beneficiary under the deed of trust. *Id.* MERS later assigned the deed of trust to plaintiff BONY. *See* Assignment, ECF No. 47, Ex. 3.

The Belleza Lane property is part of the Green Valley South Owners Association and is

subject to the association's Covenants, Conditions, and Restrictions ("CC&Rs"). The CC&Rs required Carroll to pay monthly assessments for shared maintenance and general community upkeep. Carroll eventually fell behind on his assessments, which caused the association to initiate foreclosure proceedings. On September 2, 2011, Green Valley's agent Nevada Association Services recorded a Notice of Delinquent Assessment Lien against the property. ECF No. 47, Ex. 4. The notice identified the total past-due amount as $818.70, which included late fees, collection costs, and interest. *Id.* Neither Carroll nor BONY satisfied the outstanding balance. So, on November 2, 2011, Nevada Association Services recorded a Notice of Default and Election to Sell. ECF No. 47, Ex. 5. That notice identified the past-due amount as $1,813.50 and warned that failure to pay the delinquency could result in foreclosure. *Id.*

After receiving the Notice of Default and Election to Sell, BONY's predecessor-in-interest, Bank of America, retained law firm Miles, Bauer, Bergstrom & Winters to cure the superpriority lien. On January 24, 2012, Miles Bauer requested a payoff ledger from Nevada Association Services. Its letter acknowledged that a portion of Green Valley's lien was senior to the existing deed of trust and offered to satisfy that amount "whatever it [was]." ECF No. 46 Ex. 9-2. Nevada Association Services refused to respond to Miles Bauer's letter and did not provide a payoff ledger. Having not received a payoff ledger, Bank of America calculated nine months of assessments by referencing a statement of account from a different property in the Green Valley South Owners Association. Bank of America determined that nine months of assessments totaled $73.50, and on February 16, 2012, Miles Bauer sent Nevada Association Services a check for that amount. ECF No. 46-1 at 16-17. The association rejected the check.

After rejecting Miles Bauer's check, Nevada Association Services proceeded with its foreclosure. On April 25, 2012, the association recorded a Notice of Foreclosure Sale. ECF No. 47 Ex. 6. Four months later, SFR Investments purchased the property at Nevada Association Services' trustee's sale. SFR Investments recorded a foreclosure deed referencing the trustee's sale on September 12, 2012. ECF No. 47 Ex. 7.

**LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Where parties have filed competing motions for summary judgment, the Court must review each motion on its own merits. *Fair Housing Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). In reviewing each motion, the Court views the evidence and makes all available inference in favor non-moving party. *See* *Kaiser Cement Corp.*, 793 F.2d at 1103. At bottom, a party does not prevail on summary judgment solely because the other party did not prevail. *See Riverside Two*, 249 F.3d at 1136.

**ANALYSIS**

**BONY's Claims are Timely**

The Court begins with SFR's argument that BONY's claims are barred by the statute of limitations. In its third bite at the untimeliness apple, SFR argues that the "something more" required by *Thunder Properties* is its "universal" "policy of repudiation" of "every single deed of trust" on properties it acquired by HOA foreclosure sale. ECF No. 88 at 2, 4, 5, 7. SFR notes that it had "seven (7) cases pending with" Bank of American and "eight (8) cases pending with"

BONY by late 2013 alone, so BONY knew or was on notice of SFR's policy and approach at least four years prior to the filing of this case. *Id.* at 4-5.

However, *Thunder Properties* makes it clear that the lienholder must "receive[] notice of some affirmative action by the titleholder to repudiate *the* lien or that is otherwise inconsistent wit *the* lien's continued existence." *Thunder Properties*, 503 P.3d at 306 (emphasis added); *cf. Deutsche Bank Nat'l Trust Co. v. Star Hill Homeowners Assoc.*, 739 F.Supp.3d 833, 838-39 (D. Nev. 2024) (the affirmative action must be in relation to the lien or property at issue). SFR's litigation of other liens was not affirmative action on the lien at issue in this action. "[M]ere notice of an adverse claim is not enough" to trigger the limitation period. *Thunder Properties*, 503 P.3d at 306 (quoting *Berberich v. Bank of America, N.A.*, 460 P.3d 440, 443 (2020)). The limitations period is triggered when "the challenging party does something" to press its adverse claim. *Star Hill*, 739 F. Supp.3d at 839 (citing *Thunder Properties*, 503 P.3d at 307). Here, SFR did not do something until it filed its motion to dismiss on October 23, 2017 which, of course, was after BONY filed its complaint on July 25, 2017. Actions that SFR took in relation to other properties and liens is not sufficient to trigger the limitations period in this action. *See SFR Invs. Pool 1, LLC v. Bank of Am., N.A.*, 2023 WL 8613498, *1 (9th Cir. Dec. 13, 2023) ("SFR's suits to extinguish other BANA deeds of trust on other properties that SFR purchased at HOA foreclosure sales are not affirmative actions under *Thunder Properties* because they did not concern the property at issue here"); *Wells Fargo Bank, N.A. v. Springs at Centennial Ranch HOA*, 2023 WL 6890086, at *1 (9th Cir. Oct. 19, 2023).

**BONY's Pre-foreclosure Tender Preserved its Deed of Trust**

Having found that the claims at issue in this case are not barred by the statute of limitations, the Court adopts and incorporates the portions of its Order, ECF No. 60, filed September 13, 2019, which found that the actual pre-foreclosure tender of the superpriority amount of the lien by BONY's predecessor-in-interest preserved the first deed of trust. So positioned, the lien survived the nonjudicial foreclosure.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff/counterdefendant BONY's motion for summary judgment (ECF No. 46) is **GRANTED**. The Court declares that BONY's deed of trust in the property located at 2856 Belleza Lane in Henderson, Nevada survived Green Valley South Owners Association's nonjudicial foreclosure. Any interest SFR Investments Pool 1, LLC took in the Belleza Lane property it took subject to BNY Mellon's deed of trust.

IT IS FURTHER ORDERED that defendant/counterclaimant SFR Investments Pool 1, LLC's motion for summary judgment (ECF No. 45, corrected image at ECF No. 48) is **DENIED**.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of plaintiff/counterdefendant, THE BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee, for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA10 Mortgage Pass-Through Certificates, Series 2006-OA1, and against defendant/counterclaimant SFR Investments Pool 1, LLC.

DATED: April 15, 2026

_____
Kent J. Dawson
United States District Judge